# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTINE RABBANI, | : | |
| Plaintiff, | : | Case No. 3:05CV192 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JO ANNE B. BARNHART,[1] | : | |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[2]

## I.     INTRODUCTION

The Equal Access to Justice Act ("EAJA") requires the Government to pay a prevailing Social Security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A).  The EAJA requires a party seeking attorney fees to file an application within thirty days of the final judgment in the case. *See* 28 U.S.C. §2412(d)(1)(B).

---

[1] The proper-party defendant is Michael J. Astrue, the present Commissioner of the Social Security Administration.  For docketing continuity, the caption of this case remains the same.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

This case is before the Court upon Plaintiff's Amended Motion For Attorney Fees Under The Equal Access To Justice Act (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #15), and the record as a whole.

The parties' EAJA dispute arose after the Court's previous Decision, Entry, and Order reversing an Administrative Law Judge's ("ALJ's") non-disability decision and remanding the case to the Social Security Administration for payment to Plaintiff of Supplemental Security Insurance consistent with the Social Security Act.  (Doc. #10).

## II.    DISCUSSION

The Commissioner contends that Plaintiff's Amended Motion for Attorney Fees is untimely because she did not file it by December 28, 2006 (within thirty days of the final judgment).

Plaintiff recognizes that the deadline for filing her EAJA application was December 28, 2006.  (Doc. #14 at 3).  Plaintiff's counsel explains that she timely filed her original Motion for Attorney Fees on December 28, 2006, but the original Motion incorrectly reported 18.50 hours of attorney work in this case rather than the accurate amount of 16.25 hours.  *Id*.

The Commissioner contends that Plaintiff's Amended Motion was untimely since it was not filed until approximately seven months after the December 28, 2006 deadline. This contention is well taken.

Plaintiff's original timely-filed Motion for Attorney Fees was deleted from the

record of this case on January 5, 2007 as indicated in the Clerk of Court's docket entry, which states:

> *** DELETED – ATTORNEY TO REFILE WITH ATTACHMENTS ***
> Motion for Attorney Fees *under Equal Access to Justice Act* by Plaintiff Christine Rabbani. (Dobson, Stephanie) Modified on 1/5/2007 (kopf1). (Entered: 12/28/2006).

Plaintiff's explanation implies that the Clerk of Court deleted the original Motion upon counsel's notification of the need to file a corrected or amended Motion with the correct number of hours. *See* Doc. #14 at 3. In the event Plaintiff's counsel did not notify the Clerk that the original Motion needed correction, the above docket entry notified counsel that the original Motion had been deleted and was, consequently, no longer pending before the Court (as of January 5, 2007). Despite this notice, counsel did not file her Amended Motion for Attorney Fees for more than seven months, until August 14, 2007. (Doc. #14). Because Plaintiff's filing of the Amended Motion occurred well after the December 28, 2006 deadline, it is untimely.

The EAJA's thirty-day time limit is potentially subject to equitable tolling. *See Townsend v. Social Sec. Admin.*, 486 F.3d 127, 132 (6th Cir. 2007). Although the parties have not briefed the issue of whether equitable tolling excuses the tardiness of Plaintiff's Amended Motion, the present record contains no support for the application of equitable tolling.

The potential application of equitable tolling is considered under at least five factors:

3

    1.    Lack of notice of the filing requirement;

    2.    Lack of constructive knowledge of the filing requirement;

    3.    Diligence in pursuing one's rights;

    4.    Absence of prejudice to the opposing party; and

    5.    The reasonableness of the lack of knowledge concerning the time limitation.

*See Townsend*, 486 F.3d at 132. "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Id*. (quoting *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003)). "Rather, '[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis.'" *Townsend*, 486 F.3d at 132 (citation omitted).

    Although Plaintiff needed to file an Amended Motion for Attorney Fees in order to correct the miscalculation of attorney hours worked, *see* Doc. #14 at 3, Plaintiff offers no reason why seven months lapsed before the Amended Motion was filed. Plaintiff's counsel doubtlessly knew about the expiration of the thirty-day deadline on December 28, 2006 as indicated by her original timely filing. *See id*. Without some reason for the seven-month delay, the record lacks a basis for finding that counsel acted diligently. *See Jurado*, 337 F.3d at 644. Because Plaintiff knew about the filing deadline, and because her seven-month late Amended Motion was not diligently filed, equitable tolling does not apply.

    Lastly, because Plaintiff's Amended Motion for Attorney Fees is untimely, there is no need to reach the Commissioner's additional contention that his litigation position in

4

this case was substantially justified.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Amended Motion For Attorney Fees Under The Equal Access To Justice Act (Doc. #14) be DENIED; and

2. The case remained terminated on the docket of this Court.


December 14, 2007                                s/Sharon L. Ovington
                                                 Sharon L. Ovington
                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).